United States District Court
Middle District of Florida
Jacksonville Division

**CHARLES M. HESSLER,**

    *Plaintiff,*

v.                                                                                    NO. 3:19-cv-864-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

___

# Order

Charles Hessler brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. Under review is a decision by an Administrative Law Judge ("ALJ") dated October 3, 2018. Tr. 7–28. Summaries of the law and the administrative record are in the ALJ's decision, Tr. 10–23, and the parties' briefs, Docs. 19, 22, and not fully repeated here.

Hessler argues (1) the ALJ erred in failing to make findings about Hessler's ability to balance and need for a cane and (2) the Appeals Council erred in finding evidence he provided after the administrative hearing did not warrant remand for additional evaluation. Doc. 19 at 1.

## I.  Background

Hessler was born in 1981. Tr. 21, 42. He is married, Tr. 42, completed some college, Tr. 45, and has experience as a delivery driver and store laborer, Tr. 45–50, 268. He stopped working on a sustained basis in 2009 but worked briefly in 2010 and 2013. Tr. 42, 45–47, 250. He applied for disability insurance benefits on April 15, 2016, and supplemental security income on April 20, 2016, alleging he had become

disabled on July 20, 2013—when he was fired from his last job—from neurological issues, loss of balance, weakness in muscles, lack of concentration, and lack of coordination. Tr. 45, 111, 154, 280. His date last insured is September 30, 2015. Tr. 266.

After failing at the initial and reconsideration levels, Tr. 100–173, Hessler requested an administrative hearing before the ALJ, Tr. 174–75. The ALJ conducted a hearing in July 2018. Tr. 35–78. Hessler waived his right to representation. Tr. 37–38. He testified his biggest impairment is lack of balance, he often falls, and he has to use a cane inside and outside the house. Tr. 51, 55, 57.

## II.     ALJ's Decision and Appeals Council's Action[1]

The ALJ found Hessler has severe impairments of adjustment disorder with mixed anxiety and depression, agoraphobia, neuropathy with ataxia, abnormal gait, and obesity. Tr. 13.

The ALJ found Hessler has no impairment or combination of impairments that meets or equals the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 13–14. The ALJ observed no physician reported findings that suggest otherwise. Tr. 13. The ALJ specifically considered Listings 12.04 (Depressive, bipolar and related disorders) and 12.06 (Anxiety and obsessive-compulsive disorders). Tr. 13.

---

[1] The ALJ applied the five-step process used by the Social Security Administration ("SSA") to determine disability. Under the process, the SSA asks (1) whether the claimant is engaged in substantial gainful activity, (2) whether he has a severe impairment or combination of impairments, (3) whether the impairment or combination of impairments meets or equals the severity of anything in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App'x 1, (4) whether he can perform any of his past relevant work given his residual functional capacity ("RFC"), and (5) whether there are a significant number of jobs in the national economy he can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

For the residual functional capacity ("RFC"),[2] the ALJ found Hessler can perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."). Tr. 14. The ALJ found Hessler has additional limitations:

> In a normal 8-hour workday with normal breaks, the claimant can sit for a total of 6 hours, and he can stand and walk for a total of 2 hours each. The claimant can lift/carry up to 10 pounds occasionally, 5 pounds frequently; he can push/pull as much as he can lift and carry; and he is limited to only occasional use [sic] foot controls and hand controls. The claimant can occasionally climb ramps and stairs, but never climb ladders or scaffolds; he must avoid work around unprotected heights and moving mechanical parts; and no operating a motor vehicle. He is limited to simple tasks and simple work-related decisions; he is limited to only occasional interaction with co-workers and supervisors, but no interaction with the public; and time off-task would be up to 10 percent of a normal 8-hour workday.

Tr. 14–15.

The ALJ found Hessler's medically determinable impairments could reasonably be expected to cause the alleged symptoms but his statements about the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the evidence "for the reasons explained in this decision." Tr. 16.

---

[2]A claimant's RFC is the most he can still do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining an RFC, an ALJ must consider all the claimant's medically determinable impairments. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

The ALJ found Hessler could not return to his past relevant work but could perform jobs that exist in significant numbers in the national economy such as a call out operator, a loader of semiconductor dyes, and an addresser. Tr. 21–22.

The ALJ therefore found no disability. Tr. 22.

Hessler retained counsel to represent him before the Appeals Council. Doc. 80. Through counsel, he submitted nineteen pages of records from Heart of Florida Health Center dated August 9, 2016, through March 21, 2017. Tr. 81–99. The Appeals Council denied review and found "this evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. 2.

This case followed.

### III.   Law and Analysis

#### A.   *Hessler's Ability to Balance and Asserted Need for a Cane*

Hessler argues the ALJ erred in failing to make findings about Hessler's ability to balance and need for a cane. Doc. 19 at 8–13. Within the argument, Hessler contends the RFC finding he can stand or walk for two hours in an eight-hour workday is not supported by substantial evidence. Doc. 19 at 12.

A court's review of an ALJ's decision is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoted authority omitted). The "threshold for such evidentiary sufficiency is not high." *Id.*

An ALJ must consider all relevant record evidence. 20 C.F.R. §§ 404.1545(a)(3), 416.920(a)(3). But "there is no rigid requirement that the ALJ specifically refer to

4

every piece of evidence in his decision, so long as the ALJ's decision … is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks omitted).

Contrary to Hessler's contention, substantial evidence supports the RFC, including an ability to stand or walk for two hours in an eight-hour workday. That evidence is listed in the Commissioner's brief, Doc. 22 at 6–8, and includes conservative treatment without prescription medication, such as an instruction to eat a "heart healthy" diet and exercise regularly, Tr. 17, 18, 385, 388; an absence of a prescription for a cane, Tr. 17, 56, 291, 307, 330, 373; a reported ability to walk without a cane, Tr. 16, 17, 70, 387; a reported ability to stand, sit, and walk without pain, Tr. 17, 373; unremarkable results from a brain MRI in 2016, Tr. 17, 387, 388; mostly unremarkable results from physical examinations in 2016, with notations about an abnormal gait but normal range of motion, normal station with ability to walk over rough or uneven surfaces, the ability to squat and rise from a squatted position, normal reflexes, normal upper and lower extremity joints, no unusual gross motor behaviors, five-out-of-five strength in all muscle groups, and no decreased sensation, Tr. 17, 18, 375–77, 380; a reported ability to sit and stand for extended periods without discomfort, Tr. 16, 17, 63–64, 70, 373; a reported ability to perform activities of daily living that include personal care, laundry, shopping, and driving, Tr. 16, 17, 68–70, 286, 289, 373; an observation from a consultative examiner in 2016 that the objective findings were inconsistent with complaints of loss of balance and concentration, Tr. 17, 377; and opinions of state-agency medical consultants that Hessler can perform light work with additional limitations, Tr. 20, 126–38.

Hessler argues the ALJ erred in failing to make findings about his ability to balance and need for a cane, contending he has been diagnosed with a progressive degenerative neurological condition and has extreme balance problems. Doc. 19 at 8–12. Contrary to Hessler's argument, the ALJ committed no reversible error.

Among other severe impairments, the ALJ found Hessler has severe impairments of neuropathy with ataxia and an abnormal gait. Tr. 13. In determining the RFC, the ALJ considered the evidence as a whole and added limitations that included working only sedentary jobs, not climbing a ladder or a scaffold, not working at an unprotected height, not working around moving mechanical parts, and not operating a motor vehicle. Tr. 14–15. The ALJ found Hessler can perform jobs that include addresser, which involves sitting most of the time, walking or standing for only brief periods of time, and no balancing. Tr. 22; *see* Dictionary of Occupational Titles No. 209.587-010 (4th ed. rev. 1991). The ALJ considered Hessler's statements, including that he wobbles, sways, walks with a cane, cannot walk down a flight of stairs, cannot walk across a room without grabbing something for balance, and his coordination is worsening. Tr. 16, 51, 55. The ALJ found those statements are not entirely consistent with the medical evidence and other evidence of record, explaining: "Although he may experience some significant limitations resulting from his impairments, he has not established that these symptoms/limitations are of such intensity and frequency that he is unable to work. Thus, the limitations that do exist are accommodated within the [RFC] assessment." Tr. 20. Hessler does not challenge that assessment of his statements. The ALJ observed Hessler had stated he uses a cane, but the ALJ could not have found a cane was medically required because no medical documentation established the need for one. *See* Social Security Ruling 96-9p, 1996 WL 374185, at *7 (July 2, 1996) ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed.").

The Court does not read Hessler's brief to argue the ALJ erred in failing to explicitly consider whether he meets or equals Listing 11.17 (Neurodegenerative disorders of the central nervous system, such as Huntington's disease, Friedreich's ataxia, and spinocerebellar degeneration). *See* Doc. 19 at 12–13. To the extent he makes the argument, he shows no error. An ALJ need not mechanically recite

evidence and may implicitly find a claimant fails to meet a listing. *Hutchinson v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). The ALJ's opinion makes clear he implicitly found Hessler does not meet or equal Listing 11.17. *See* Tr. 13–20. Substantial evidence supports that finding; i.e., that Hessler did not have the extreme limitation or the marked limitation in physical functioning that Listing 11.17 requires. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.17 (requiring "[d]isorganization of motor function in two extremities . . . , resulting in an extreme limitation . . . in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities" or a marked limitation in physical functioning and in understanding, remembering, or applying information; or interacting with others; or concentrating, persisting, or maintaining pace; or adapting or managing oneself); *id.* at § 11.00D2(b) (explaining an extreme limitation requires a walker, two crutches, or two canes); *id.* at § 11.00G2(a) (explaining claimant's ability to "independently initiate, sustain, and complete work-related physical activities" are considered in determining whether a claimant has a marked limitation in physical functioning); *see also* Tr. 134 (doctor's finding Hessler did not meet a listing because "[t]here is no objective evidence of any significant motor, sensory or neuro deficits; or listing level criteria, or severe/profound functional loss, due to physical medical conditions"); Tr. 377 (Samer Choksi, M.D.'s observation Hessler can stand up from a seated position); Tr. 16 (ALJ's observation Hessler stated he often walks for exercise using his cane); Tr. 373 (Hessler's reports of daily activities).

Reversal to reconsider Hessler's ability to balance and need for a cane is unwarranted.

### B. *Appeals Council's Action*

Hessler argues the Appeals Council erred in finding the evidence he provided after the administrative hearing did not warrant remand for additional evaluation, emphasizing he was unrepresented before the ALJ. Doc. 19 at 13–17. Hessler points

to a record of a neurological consultation by Lance Kim, D.O., dated December 21, 2016. Tr. 90–91.

With limited exceptions, a claimant may present new evidence at each stage of the administrative process, including before the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council "must consider new, material, and chronologically relevant evidence." *Id.* Evidence is material if a reasonable possibility the evidence would change the outcome exists. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Whether the Appeals Council erred in declining to consider the evidence is a question of law subject to de novo review. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015).[3]

Hessler shows no error. At a minimum, the evidence is not material because similar evidence is in the record the ALJ considered, including a follow-up neurological consultation by Dr. Kim dated January 24, 2017, containing nearly the same information as evidence but with additional impressions ("Suspected genetic disorders such as Spinocerebellar Ataxia (SCA) or Friedreich's Ataxia" and "NCS & EMG revealed sensorimotor polyneuropathy of axonal type") and an additional observation, "Since last visit, he continues to experience significant difficulty with ambulation because of sensory loss and perceived weakness in the lower extremities

---

[3]Effective January 17, 2017, the SSA amended regulations to require a claimant providing new evidence to establish good cause for failing to provide the evidence earlier. Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-01, 90992, 90994, 2016 WL 7242991 (Dec. 16, 2016); 20 C.F.R. §§ 404.900, 404.970. Hessler requested review on November 4, 2018, Tr. 4, when the amendment was effective. The Appeals Council advised him he "must show good cause for why you missed informing us about or submitting it earlier." Tr. 2, 29. But the Appeals Council did not address good cause. Tr. 2. Hessler argues that because the Appeals Council did not address good cause, this Court should not require good cause. Doc. 19 at 14 n.10. Because affirmance is warranted regardless of a demonstration of good cause this Court need not address whether good cause applies under the circumstances or whether Hessler demonstrates good cause.

and lately he has had slurred speech. On occasion there are muscular twitches." Tr. 387–88.

Hessler observes that, under "Neurological Examination," the later record before the ALJ only references without describing the previous record not before the ALJ, and so the ALJ had not considered the neurological examination findings from either visit. Doc. 19 at 15–16. The findings are:

> MENTAL STATUS: Remote memory recall is grossly intact. Speech is fluent without aphasia or dysarthria. Exhibits good insight into current illness. Normal affect. No significant dementia.
>
> CN: Fundoscopic exam unremarkable. Visual field full to confrontation. PERRL. EOM. No facial weakness, intact hearing, intact palate/gag reflex. Tongue was midline on protrusion.
>
> MOTOR: Strength seemed to be intact with [sic] without any focal weakness.
>
> DTR: Areflexia throughout. Plantar responses were flexor bilaterally.
>
> COORDINATION: No gross ataxia.
>
> SENSORY: Pinprick and cold temperature perception appear diminished in the bilateral median and stocking territory.
>
> GAIT: Antalgic gait. He looks down to floor to compensate and tends to throw outward his legs to walk.

Tr. 91. Hessler argues the absence of this evidence is material because the ALJ gave "little weight" to Dr. Kim's opinion that Hessler is "medically disabled from a neurological standpoint" considering his "significant neurological defects and likely further progression." Doc. 19 at 15–16.

Hessler's argument is unpersuasive. Some of the missing information fails to support Dr. Kim's opinion, fails to support disability, and contradicts some of Hessler's assertions, and the remaining information was in other parts of the record the ALJ considered, which included evidence about his reflexes, sensation in his legs,

9

his use of a cane, and his gait. *See* Tr. 17, 18, 63, 77, 135, 375, 388. The ALJ rejected Dr. Kim's opinion not because of the absence of supporting neurological findings but because the opinion is "indistinct and conclusory," Dr. Kim includes no work-related restrictions, the phrase "medically disabled from a neurological standpoint" is "vague and without practical application in a work setting," and the opinion is on a dispositive matter reserved to the Commissioner. Tr. 19–20. The missing evidence does not support contrary reasoning.

Remand to consider the additional evidence is unwarranted.

### IV. Conclusion

The Court **affirms** the Commissioner's decision denying Hessler's claim for benefits and **directs** the clerk to enter judgment for the Commissioner and **close** the file.

**Ordered** in Jacksonville, Florida, on September 30, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record